IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:10-CR-295 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| MICHAEL J. YATES, | : | |
| Defendant. | : | |

## ORDER

This matter is before the Court on Michael J. Yates's Motion to Terminate Supervision. (Doc. 24.) Yates was sentenced on May 6, 2011, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), as well as for possession of cocaine and marijuana in violation of 21 U.S.C. § 844. Yates was ordered to serve one day in custody, complete three years of supervised release, including the first eight months of the term under house arrest, and pay a $150 special assessment.

Yates asks this Court to terminate his supervised release pursuant to 18 U.S.C. § 3583(e)(1). He urges the Court to do so, arguing that his supervision has been exemplary for the following reasons: he has submitted only clean urine samples; he has never been tardy in submitting his monthly report forms; he is currently operating the barbershop that he has operated for the past fourteen years; he has paid his special assessment; and he remains a loving father to his daughter. Yates's supervising probation officer, Brian Hunt, supports Yates's request for early termination. The Government has no objection to Yates's Motion to Terminate Supervision. (Doc. 25.)

1

The Court has statutory authority to terminate an offender's supervised release prior to expiration under 18 U.S.C. § 3583(e)(1), which provides in pertinent part:

> (e) Modification of conditions or revocation.—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

Relevant § 3553 factors for the Court to consider in this case include: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; and the need for the sentence imposed to protect the public from further crimes of the defendant. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C).

This Court finds that the § 3553 factors weigh in Yates's favor. Yates has demonstrated that he can hold a steady job. He has also complied with all of the terms of his sentence. Yates's behavior indicates that his daughter is important to him. He has also explained to the Court that his relationship with his wife, which was strained when he was sentenced, has improved, and that the couple has had reconciliation talks.

For the foregoing reasons, Yates's Motion to Terminate Supervision is **GRANTED**.

**IT IS SO ORDERED.**

s/ Algenon L. Marbley
**Algenon L. Marbley**
**United States District Judge**

**Dated: June 13, 2012**